UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SANJUANA RENTERIA,

        Plaintiff,

  v.

CHILDREN'S COMMUNITY HEALTH PLAN, INC.
and MOLINA HEALTHCARE OF WISCONSIN, INC.,

        Involuntary Plaintiffs,

  v.

SAM'S REAL ESTATE BUSINESS TRUST
and SAM'S EAST, INC.,

        Defendants.

Case No. 24-cv-374-pp

---

**ORDER GRANTING IN PART PLAINTIFF'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER (DKT. NO. 32) AND ORDERING DEFENDANTS TO PAY REASONABLE EXPERT FEES**

---

      This negligence case arises out of an April 2, 2021 incident where the plaintiff allegedly was struck by a falling rug while shopping at a Sam's Club store in Waukesha, Wisconsin. Dkt. No. 15. On October 28, 2025, the plaintiff filed an expedited, non-dispositive motion under Civil Local Rule 7(h) seeking a protective order and an order to compel the defendants to pay an expert witness's deposition fees. Dkt. No. 32. The defendants oppose the motion. Dkt. No. 34.

**I.    Background**

      The amended complaint alleges that on April 2, 2021, the plaintiff was shopping at the defendants' store near a display of rolled-up rugs. Dkt. No. 15

1

at ¶¶7–8. She alleges that an employee was working on the rug display, and after the plaintiff turned her back to the employee, she was "struck in the head with a rug." Id. at ¶¶9–11. The plaintiff alleges that she suffered an injury due to the accident. Id. at ¶12. The amended complaint raises claims of negligence and a violation of Wisconsin's Safe Place statute. Id. at ¶¶13–24.

On August 8, 2025, the court stayed all case deadlines pending the outcome of a mediation scheduled for October 29, 2025. Dkt. No. 31. The day before the mediation, the plaintiff filed the instant motion for protective order and asking the court to compel the defendants to pay the deposition fees for the plaintiff's expert witness, Dr. Lawrence Maciolek. Dkt. No. 32.

The plaintiff states that she retained her treating physician, Dr. Maciolek, as an expert. Dkt. No. 32 at 1. When the defendants reached out to schedule Maciolek's deposition, Maciolek's office responded with his fee schedule, which sets a deposition fee of $3,000 per hour. Id.; Dkt. No. 34 at 1–2. Maciolek asked that the defendants pay in advance the $12,000 fee for the four-hour deposition. Dkt. No. 34 at 2. On October 9, 2025, after several discussions about the fee, the defendants stated that they would pay Maciolek only $475 per hour for the deposition and that they would not prepay the fee. Dkt. No. 35-4 at 5–6.

The defendants state that on October 16, 2025, defense counsel and a court reporter appeared at Maciolek's office for the scheduled deposition but were informed that the deposition had been canceled. Dkt. No. 35-4 at 25. Plaintiff's counsel denied canceling the deposition, stating that the deposition could not go forward due to the lack of prepayment. Id. at 26–27.

The plaintiff asserts that the defendants "unilaterally" issued a subpoena rescheduling the deposition for October 30, 2025. Dkt. No. 32-3 at ¶5. The

2

plaintiff states that at a meet-and-confer on October 27, 2025, the parties agreed to limit the deposition to two hours but could not agree on an hourly fee. Id. at ¶8. The plaintiff also asserts that the defendants refused to reschedule the deposition despite plaintiff's counsel's unavailability on October 30, 2025. Id. The plaintiff filed the instant motion the day after the meet-and-confer. Dkt. No. 32.

## II. Motion for Protective Order

### A. Parties' Arguments

The plaintiff argues that the defendants must pay Dr. Maciolek's hourly fee of $3,000. Dkt. No. 32 at 2. She contends that the party seeking discovery must pay "a reasonable fee" to the expert witness for the time he spent responding to discovery. Id. (citing Fed. R. Civ. P. 26(b)(4)(E)(i)). The plaintiff states that Maciolek is a Harvard-trained, board-certified orthopedic surgeon who specializes in complex spinal surgery and that his deposition rate is consistent with the prevailing market rate in Milwaukee for similar expert witnesses. Id. According to the plaintiff, courts have approved inflation-adjusted deposition fees of over $2,000 an hour for general orthopedic surgeons; she argues that spinal surgeons earn higher salaries than general orthopedic surgeons, so a higher hourly rate is reasonable for a witness with such specialized experience. Id. at 3. The plaintiff asserts that Maciolek regularly charges $3,000 an hour for deposition testimony and $2,000 an hour for reviewing documents or consulting on cases. Id. She maintains that it is reasonable for an expert to charge a higher fee for a deposition taken by adverse counsel than for work performed for the retaining party. Id. (quoting Jones v. Nat'l R.R. Passenger Corp., Case No. 15-CV-02726, 2022 WL 834315, at *3 (N.D. Cal. Mar. 21, 2022)). The plaintiff argues that the defendants'

3

proposed rate of $475 an hour is unreasonable because it is derived from the average fees charged by all expert witnesses and does not consider Maciolek's specialized training and experience. Id. at 3–4.

The defendants respond that Rule 26 does not require the party seeking discovery to compensate a witness in advance of a deposition. Dkt. No. 34 at 2. They contend that although Maciolek has specialized training and experience, his requested hourly rate still is unreasonable. Id. at 3. They assert that the average prevailing hourly rate for seven comparable experts is $1,218. Id. They argue that because Maciolek is the plaintiff's treating physician, the deposition will not be complex, and that he is not entitled to the same rates as an expert witness who is not a treating physician. Id. (citing Demar v. United States, 199 F.R.D. 617, 619 (N.D. Ill. 2001)). The defendants assert that although it may be reasonable for an expert witness to charge a "modestly higher fee" for a deposition taken by an adverse party, Maciolek's requested rate far exceeds the amount he charges for a medical consultation. Id. at 3–4. The defendants assert that Maciolek charges only $478 for an office visit, so charging more than seven times over that amount for a deposition is unreasonable. Id. at 4.

B.  Legal Standard

Federal Rule of Civil Procedure 26(b)(4)(E) states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." To determine whether an expert's fee is reasonable, courts have considered the following factors: "(1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being

4

charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc., 873 F. Supp. 2d 939, 955 (N.D. Ill. 2012) (citing Royal Maccabees Life Ins. Co. v. Malachinski, Case No. 96 C 6135, 2001 WL 290308, at *16 (N.D. Ill. Mar. 20, 2001)). The party seeking reimbursement carries the burden to show that the expert's rate is reasonable; if the parties fail to provide sufficient evidence to support their proposed rates, "the court may use its discretion in setting the reasonable rate." Royal Maccabees, 2001 WL 290308, at *16.

    C.    Analysis

The court first must determine whether Dr. Maciolek's requested $3,000 hourly fee is reasonable. The rate that comparable experts charge can help the court make this finding. See Smith v. City of Chicago, Case No. 12 CV 4546, 2013 WL 5609332, at *3 (N.D. Ill. Oct. 11, 2013) (explaining that a party may support a higher reasonable rate for expert testimony by providing evidence of rates charged by comparable experts). For example, in Grauvogl v. Roby, No. 11-CV-333, 2012 WL 4959478 (N.D. Ind. Oct. 17, 2012), the court reduced an orthopedic surgeon's deposition rate from $2,000 an hour to $1,500 an hour when presented with fee schedules from comparable surgeons who charged an average of $1,117 an hour. Roby, 2012 WL 4959478, at *2.

Dr. Maciolek is a highly trained orthopedic surgeon who specializes in spinal surgery. In support of Maciolek's requested $3,000 hourly rate, the plaintiff cites an affidavit from attorney Jerome Hierseman, who is licensed in Wisconsin, describes himself as devoting most of his legal career to plaintiffs' medical negligence cases and avers that he frequently deposes orthopedic

5

surgeons and that it is "customary and consistent with the market" for a qualified orthopedic surgeon to charge "between $2,000-$4,000 an hour" for a deposition. Dkt. No. 32-5 at ¶¶1, 4, 7 and 9. The plaintiff has presented no examples of other orthopedic surgeons' deposition fee schedules to support Attorney Hierseman's declaration. The defendants have provided fee schedules of "seven comparable experts" who charge an average of $1,218 per hour for a deposition. Dkt. Nos. 35 at ¶11; 35-6. The defendants' evidence of comparable fee schedules carries more weight than an attorney attesting, without more, that a wide range of rates is "customary." Based on the defendants' evidence of comparable experts' fee schedules, the court determines that a reasonable rate for Maciolek's deposition is $1,500 an hour.

The court next must determine whether the defendants must prepay Dr. Maciolek's deposition fees. The Federal Rules of Civil Procedure do not require the party seeking discovery to pay an expert's deposition fees in advance. Parkland Venture, LLC v. City of Muskego, Case No. 09-C-0972, 2010 WL 4723411, at *2 (E.D. Wis. Nov. 15, 2010) (quoting Harris v. Costco Wholesale Corp., 226 F.R.D. 675 (S.D. Cal. 2005)); see also Kramer v. Hartford Ins. Co. of the Midwest, Case No. 12-cv-01824, 2013 WL 12155927, at *1 n.1 (M.D. Fla. Apr. 30, 2013) (collecting cases holding that expert witness fees are not due until after the deposition is concluded). The court will not compel the defendants to compensate Maciolek for his time until after the deposition has been concluded.

The court stayed the deadlines in the case pending the outcome of the October 29, 2025 mediation. Dkt. No. 31. On November 7, 2025, the parties filed a status report advising the court that the mediation was "unproductive," dkt. no. 36, and in a November 11, 2025 letter, they asked the court to re-set

6

deadlines once it had resolved the motion for a protective order, dkt. no. 39. The court will set a date set below for the parties must file an amended Rule 26(f) report containing their proposed new deadlines.

## III. Conclusion

The court **GRANTS IN PART** the plaintiff's motion for protective order and to compel payment of expert witness fees. Dkt. No. 32. The court **DENIES AS MOOT** the plaintiff's request to prevent Dr. Maciolek's deposition for proceeding until this motion is resolved.

The court **ORDERS** that the defendants must compensate Dr. Maciolek at a rate of $1,500 per hour for his deposition after the deposition has concluded. The parties must set a mutually agreeable time for Dr. Maciolek's deposition to take place.

The court **ORDERS** that by the end of the day on **January 23, 2026**, the parties must file an amended Rule 26(f) report that includes their proposed new discovery and dispositive motions deadlines, and any other deadlines they feel are necessary for this case to proceed.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**